[Civ. No. 17797. Second Dist., Div. Three. May 25, 1951.]

EVA C. TAYLOR, Appellant, v. CONTINENTAL SOUTHERN CORPORATION (a Corporation) Respondent.

William M. Taylor for Appellant.

George H. Emerson for Respondent.

WOOD (Parker), J.—Plaintiff alleged in the complaint that on December 18, 1944, she and the defendant entered into a written community oil and gas lease whereby she leased to the defendant a certain parcel of land in the downtown section of the city of Long Beach, bounded on the north by Second Street, on the east by Pacific Avenue, on the south by Ocean Park Avenue and on the west by Cedar Avenue. (The parcel is known as Pacific Park.)

The pleadings, findings, and judgment in this action are the same as the pleadings, findings, and judgment in the case of *Taylor* v. *Continental Southern Corporation*, No. 17796, *ante*, p. 425 [233 P.2d 577], this day decided, except as to the allegations in the complaints describing the property leased by plaintiff. Plaintiff appeals from the judgment.

Appellant contends that the findings are not supported by the evidence. She introduced in evidence (as Exhibit 3) the same document entitled "Community Oil and Gas Lease" which she introduced in the said preceding case as Exhibit 3. The description of the property set forth in typewriting below the signatures of the parties included the following: "As to any and all right, title, and/or interest which Lessor may now have and/or may hereafter acquire by whatsoever means, in and to all or any part of the lands hereinafter described, towit: All that certain lot, piece or parcel of land situate, lying and being in the City of Long Beach, in the County of Los Angeles, State of California, boun___ed and particularl___ described as follows, towi___; Bounded on the north by Second Street, on the east by Pacific Avenue, on the south by Ocean Park Avenue, and on the west by Cedar Avenue, as per map of the Town of Long Beach, as recorded in Book 19 of Miscellaneous Records, pages 91 to 96 inclusive, in the County Recorder's office of Los Angeles County."

Appellant also introduced in evidence the map of Long Beach, recorded in 1887, which was introduced in said preceding case as Exhibit 7. It was stipulated that defendant had

been producing oil from the wells located within the "described area" (being the wells referred to in said preceding case).

Appellant's counsel asked her, on direct examination, if she owned the land described in the complaint known as Pacific Park. Counsel for defendant objected to the question upon the ground that it called for a conclusion. The objection was overruled, and she answered that she owned the land. On cross-examination she was asked if the basis for her statement as to ownership was that someone had told her that she owned the land. She replied: "No, not from someone told me, from the basis of the deeds." Then she was asked: "What deed was that?" She replied: "Well, from the whole chain of title from the Long Beach Land & Water Company to Mary Cabezud, from Mary Cabezud to myself." She was asked: "Do you have those deeds with you?" She replied: "Well, they have all been introduced in evidence." Counsel for defendant then made a motion to strike out her answer as to ownership of the land, upon the ground that her testimony was a conclusion based upon documents which were not before the court, that the documents were the best evidence and they should be before the court. The judge stated that she had qualified her answer in such a way that the court was justified in striking out her answer. The motion was granted. Thereupon appellant rested her case. Then defendant rested.

Appellant's argument, in support of her contention that the findings are not supported by the evidence, is the same as that stated in the preceding case referred to, namely, that she proved all the allegations of her complaint, that defendant failed to produce any evidence to the contrary, and that defendant being a lessee could not dispute appellant's title. Title of the plaintiff to Pacific Park was an issue in the action. In describing the property leased, the lessor did not state (in the lease) that she leased the Pacific Park. The description of that which she leased was any right, title or interest which she may now have or may hereafter acquire in the park. The reasonable interpretation to be placed upon the provisions of the lease is that it was a condition of the lease that plaintiff should own a right or interest in the park in order to participate in the royalties. She covenanted that she was an owner of land in the area covered by the lease. It was contemplated, under the provisions of the

lease, that the lessee could question the title of the plaintiff. It was not proved that plaintiff had any title or right to the park or any part of it. It was not prejudicial error to strike out the testimony of plaintiff as to ownership. She stated that she based her testimony upon certain deeds which had "been introduced in evidence." Presumably she was referring to deeds introduced in the preceding case herein referred to. In any event, her testimony showed that the deeds were available and could have been produced in this case, and that she was relying upon the deeds as the basis of her claim of ownership. The deeds were the best evidence as to the provisions therein. (*Forbes* v. *Forbes,* 41 Cal.App. 365, 372 [182 P. 773].) Appellant elected to avoid the production of the best evidence.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied June 12, 1951, and appellant's petition for a hearing by the Supreme Court was denied July 19, 1951.